IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CALIFORNIA INSTITUTE OF TECHNOLOGY<br><br>*Plaintiff,*<br><br>v.<br><br>CANON U.S.A., INC., CANON, INC., NIKON, INC., NIKON CORP., OLYMPUS AMERICA, INC., OLYMPUS CORP., PANASONIC CORP. OF NORTH AMERICA, PANASONIC CORP., SONY ELECTRONICS, INC., SONY CORP., SAMSUNG ELECTRONICS AMERICA, AND SAMSUNG ELECTRONICS CO., LTD.<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § § § § § | No. 6:08-cv-401<br><br><br><br><br><br>JURY DEMANDED |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT
AND JURY DEMAND**

Plaintiff California Institute of Technology ("Plaintiff") brings this action for patent infringement against Canon U.S.A., Inc., Canon, Inc., Nikon, Inc., Nikon Corp., Olympus America, Inc., Olympus Corp., Panasonic Corp. of North America, Panasonic Corp., Sony Electronics, Inc., Sony Corp., Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd., (collectively, "Defendants") as follows:

# I. THE PARTIES

1. Plaintiff California Institute of Technology ("Caltech") is a private university having a principal address of 1200 East California Boulevard, Pasadena, California 91125.

2. Upon information and belief, Canon U.S.A., Inc. is, and at all relevant times mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at One Canon Plaza, Lake Success, New York 11042-1113. Canon U.S.A., Inc. is authorized to do business in Texas and may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

3. Upon information and belief, Canon, Inc. is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at 30-2 Shimomaruko 3 Chome, OHTA-KU, Tokyo 146-8501, Japan. Upon information and belief, Canon, Inc. is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Canon, Inc. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Canon U.S.A., Inc. and Canon, Inc. will be collectively referred to as "Canon."

4. Upon information and belief, Nikon, Inc. is, and at all relevant times mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at 1300 Walt Whitman Rd., Melville, New York 11747-3064.

Nikon, Inc. is authorized to do business in Texas and may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, TX 75201.

5. Upon information and belief, Nikon Corp. is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at Fuji Bldg., 2-3, Manrunouchi 3-chome, Chiyoda-Ku, Tokyo Japan 100-8331. Upon information and belief, Nikon Corp. is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Nikon Corp. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Nikon, Inc. and Nikon Corp. will be collectively referred to as "Nikon."

6. Upon information and belief, Olympus America, Inc. is, and at all relevant times mention herein was, a corporation organized under the laws of New York, having its principal place of business at 3500 Corporation Parkway, P.O. Box 610, Center Valley, Pennsylvania 18034. Olympus America, Inc. is authorized to do business in Texas and may be served by serving its registered agent, Corporate Services Co., 701 Brazos St., Suite 1050, Austin, Texas 78701.

7. Upon information and belief, Olympus Corp. is, and at all relevant times mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at Shinjuku Monolith, 2-3-1 Nishi-Shinjuku, Shinjuku-Ku, Tokyo 163-0914, Japan. Upon information and belief, Olympus Corp. is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Olympus

Corp. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Olympus America, Inc. and Olympus Corp. will be collectively referred to as "Olympus."

8. Upon information and belief, Panasonic Corp. of North America is, and at all relevant times mentioned here was, a corporation organized under the laws of Delaware, having its principal place of business at One Panasonic Way, 7I-1, Secaucus, New Jersey 07094. Panasonic Corp. of North America is authorized to do business in Texas and may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

9. Upon information and belied, Panasonic Corp. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at 1006, Kadoma, Kadoma City, Osaka 571-8501, Japan. Upon information and belief, Panasonic Corp. is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. Panasonic Corp. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Panasonic Corp. of North America and Panasonic Corp. will be collectively referred to as "Panasonic."

10. Upon information and belief, Sony Electronics, Inc. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Delaware, having its principal place of business at 555 Madison Ave, 8th Floor, New York, New York 10022. Sony Electronics, Inc. is authorized to do business in Texas and may be served

by serving its registered agent, Corporate Services Co., 701 Brazos St., Suite 1050, Austin, Texas 78701.

11.     Upon information and belief, Sony Corp. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Japan, having its principal place of business at 7-1, Konan, 1-Chome, Minato-Ku, Tokyo Japan M0 108-0075.  Upon information and belief, Sony Corp. is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  Sony Corp. may be served with process in Japan pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Sony Electronics, Inc. and Sony Corp. will be collectively referred to as "Sony."

12.     Upon information and belief, Samsung Electronics America, Inc. is, and at all relevant time mentioned herein was, a corporation organized under the laws of New York, having its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  Samsung Electronics America, Inc. is authorized to do business in Texas and may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

13.     Upon information and belief, Samsung Electronics Co., Ltd. is, and at all relevant time mentioned herein was, a corporation organized under the laws of Korea, having its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742 Korea. Upon information and belief, Samsung Electronics Co., Ltd. is a nonresident of Texas that engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of

process in this state. Samsung Electronics Co., Ltd may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd will be collectively referred to as "Samsung."

## II. JURISDICTION AND VENUE

14. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. The Court's jurisdiction is proper under the above statutes, including 35 U.S.C. § 271 et. seq., and 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and sells its products in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant has purposefully and voluntarily placed one or more of its infringing products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These infringing products have been and continue to be purchased by consumers in the Eastern District of Texas. Each Defendant has committed the tort of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

16. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), (c), and (d), as well as 28 U.S.C. § 1400(b).

## III. PATENTS-IN-SUIT

17. On November 23, 1999, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,990,506 entitled "Active Pixel Sensors with Substantially Planarized Color Filtering Elements" (hereinafter "the '506 patent"). A true and correct copy of the '506 patent is attached hereto as Exhibit A.

18. On September 24, 2002, the USPTO issued U.S. Patent No. 6,456,326 entitled "Single Chip Camera Having Double Sampling Operation" (hereinafter "the '326 patent"). A true and correct copy of the '326 patent is attached hereto as Exhibit B.

19. On April 15, 2003, the USPTO issued U.S. Patent No. 6,549,235 entitled "Single Substrate Camera Device with CMOS Image Sensor" (hereinafter "the '235 patent"). A true and correct copy of the '235 patent is attached hereto as Exhibit C.

20. On April 29, 2004, the USPTO issued U.S. Patent No. 6,555,842 entitled "Active Pixel Sensor with Intra-pixel Charge Transfer" (hereinafter "the '842 patent"). A true and correct copy of the '842 patent is attached hereto as Exhibit D.

21. On May 27, 2003, the USPTO issued U.S. Patent No. 6,570,617 entitled "CMOS Active Pixel Sensor Type Imaging System on a Chip" (hereinafter "the '617 patent"). A true and correct copy of the '617 patent is attached hereto as Exhibit E.

22. On June 1, 2004, the USPTO issued U.S. Patent No. 6,744,068 entitled "Active Pixel Sensor with Intra-pixel Charge Transfer" (hereinafter "the '068 patent"). A true and correct copy of the '068 patent is attached hereto as Exhibit F.

23. Collectively, the '506 patent, the '326 patent, the '235 patent, the '842 patent, the '617 patent, and the '068 patent are referred to as "the Caltech patents."

24. Caltech is the owner of all right, title, and interest in and to the Caltech patents by assignment, with full right to bring suit to enforce each of the patents, including the right to recover for past infringement damages.

## IV. PATENT INFRINGEMENT

25. Caltech repeats and re-alleges the allegations in paragraphs 1-24 as though fully set forth herein.

26. The Caltech patents are valid and enforceable.

27. All requirements under 35 U.S.C. § 287 have been satisfied with respect to the Caltech patents.

28. Canon has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Canon EOS 50D, Canon EOS 40D, Canon EOS Digital Rebel XTI or 400D (E), Canon EOS Digital Rebel XT or 350D (E), Canon EOS 30D, Canon EOS 20D, Canon EOS 20Da, Canon EOS 10D, Canon EOS Digital Rebel or 300D (E), Canon EOS D60, Canon EOS-1D Mark III, Canon EOS-1D, Canon EOS-1D Mark II, Canon EOS 1D Mark II N, Canon EOS-1Ds, Canon EOS-1Ds Mark II, Canon EOS-1Ds Mark III, Canon EOS 5D, Canon EOS 5D Mark II, Canon Vixia HF10, Canon Vixia HF100, Canon Vixia HV30, Canon Vixia HV20, Canon Vixia HV10, Canon Vixia HG10, and Canon Vixia HR10.

29. Canon has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using,

offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

30. Canon had and continues to have actual knowledge of the Caltech patents and their coverage of Canon's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Canon's infringement of the Caltech patents was and continues to be willful.

31. Nikon has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Nikon D300, Nikon D3, Nikon D2Xs, Nikon D2X, and Nikon D700.

32. Nikon has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

33. Nikon had and continues to have actual knowledge of the Caltech patents and their coverage of Nikon's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Nikon's infringement of the Caltech patents was and continues to be willful.

34. Olympus has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Olympus E-3, Olympus E-520, Olympus E-420, Olympus EVOLT E-510, Olympus EVOLT E-410 and Olympus EVOLT E-330.

35. Olympus has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

36. Olympus had and continues to have actual knowledge of the Caltech patents and their coverage of Olympus's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Olympus's infringement of the Caltech patents was and continues to be willful.

37. Panasonic has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Panasonic Lumix DMC-L10 and Panasonic Lumix DMC-L1.

38. Panasonic has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using,

offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

39. Panasonic had and continues to have actual knowledge of the Caltech patents and their coverage of Panasonic's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Panasonic's infringement of the Caltech patents was and continues to be willful.

40. Sony has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Sony DSLR-A700, Sony DSC-R1, Sony HDR-HC7, Sony HDR-SR7E, Sony HDR-UX7, Sony HDR-UX7E, Sony HVR-HD1000U, Sony HDR-HC9, Sony HVR-Z7E, Sony HDR-HC5, Sony HDR-HC5E, Sony HDR-SR1, Sony HDR-SR5, Sony HDR-SR5E, Sony HDR-UX5, Sony HVR-A1U, Sony HDR-CX7, Sony HDR-SR7, Sony HDR-SR8, Sony HDR-CX12, Sony HDR-SR11, Sony, HDR-SR12, Sony V1U, Sony HDR-FX7, Sony HDR-FX7E, Sony HDR-SR10, Sony HDR-SR10D, Sony HDR-TG1, Sony HDR-UX10, and Sony HDR-UX20.

41. Sony has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

42. Sony had and continues to have actual knowledge of the Caltech patents and their coverage of Sony's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Sony's infringement of the Caltech patents was and continues to be willful.

43. Samsung has been and is infringing the Caltech patents by making, using, selling, offering for sale, and/or importing in or into the United States, without authority, products that fall within the scope of the claims of the Caltech patents, including but not limited to the products known as Samsung GX-20, Samsung SC-HMX10C, and Samsung SC-HMX20C.

44. Samsung has been and is continuing to induce infringement of the Caltech patents under 35 U.S.C. § 271(b) and contributes to the infringement of the Caltech patents under 35 U.S.C. § 271(c), in conjunction with such acts of making, using, offering for sale, and/or importing in or into the United States, without authority, instrumentalities that fall within the scope of one or more claims of each of the Caltech patents. The infringing instrumentalities have no substantial non-infringing uses.

45. Samsung had and continues to have actual knowledge of the Caltech patents and their coverage of Samsung's infringing instrumentalities, but has nonetheless engaged in the infringing conduct. Samsung's infringement of the Caltech patents was and continues to be willful.

46. As a direct and proximate result of Defendants' acts of patent infringement, Caltech has been and continues to be injured and has sustained and will continue to sustain substantial damages.

47. Unless Defendants are enjoined by this Court from continuing their infringement of the Caltech patents, Caltech will suffer additional irreparable harm and impairment of the value of its patent rights.

48. Caltech has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The circumstances of this dispute create an exceptional case within the meaning of 35 U.S.C. § 285, and Caltech is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

## V.  PRAYER FOR RELIEF

Caltech prays for the following relief:

A. A judgment that each Defendant has infringed the Caltech patents as alleged herein, directly and/or indirectly by way of inducing or contributing to infringement of the Caltech patents;

B. A judgment and order requiring each Defendant to pay Caltech damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

C. A judgment and order requiring each Defendant to pay Caltech pre-judgment and post-judgment interest on the damages awarded;

D. A judgment and order finding this to be an exceptional case and requiring each Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285;

E. A preliminary and thereafter a permanent injunction against each Defendant's direct infringement, active inducements of infringement, and/or contributory

infringement of the Caltech patents, as well as against each Defendant's agents, employees, representatives, successors, and assigns, and those acting in privity or in concert with them; and

  F. Such other and further relief as the Court deems just and equitable.

## VI. JURY DEMAND

Caltech hereby demands that all issues be determined by jury.

Dated: October 15, 2008                          Respectfully submitted,

By: */s/ Joseph F. DePumpo*
    Michael W. Shore
    Texas State Bar No. 18294915
    Joseph F. DePumpo
    Texas State Bar No. 00787355
    Glenn E. Janik
    Texas State Bar No. 24036837
    SHORE CHAN BRAGALONE LLP
    Bank of America Plaza
    901 Main Street, Suite 3300
    Dallas, Texas 75202
    214-593-9110 Telephone
    214-593-9111 Facsimile
    jdepumpo@shorechan.com
    shore@shorechan.com
    gjanik@shorechan.com

    Attorneys for Plaintiff
    CALIFORNIA INSTITUTE OF TECHNOLOGY